**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Ronald P. Passatempo,
Samuel F. Pietropaolo, and
Patricia D. Pietropaolo

   v.                                            Civil No. 09-cv-127-JM

Frederick V. McMenimem, III

**O R D E R**

Defendant moves to vacate the May 6th remand order. For the reasons set forth, the motion is denied.

**Discussion**

The following docket entries are relevant to the discussion:

1. 4/09/09    Notice of Removal
2. 4/15/09    Motion to Remand (objection due under Fed. R. Civ. P. 6 on April 30, 2009)
3. 4/16/09    Notice of Assignment to Magistrate Judge
4. 4/28/09    Defense Attorney teleconference with Deputy Clerk
5. 5/06/09    Motion submitted

    5/06/09    Order of Remand

6. 6/02/09    Motion to Vacate.

The defendant's motion is an "end around" effort to make an untimely objection to the motion to remand.  Pages 8-23 of the defendant's memorandum raise arguments against remand that had to be made in an objection to the motion filed on or before April 30, 2009.  The arguments are untimely even if I considered that portion as a motion for reconsideration of the remand order because such a motion would have been due on or before May 21, 2009.  The arguments against remand are untimely twice over and I will not consider them.

Defendant's belated objection to my jurisdiction is also too little, too late.  While this court has never sought to compel consent to a magistrate judge's jurisdiction and we have permitted late objections, when the objection is late and action has been taken, the objection is not allowed.

Almost every district court in this circuit has found that an Order of Remand may be made by a magistrate judge on the basis that a remand order is not a dispositive order. See BMJ Foods Puerto Rico, Inc. v. Metromedia Steakhouses Col, L.P., 562 F.Supp.2d 229 (D.P.R. 2008); Ceria v. Town of Wendell, 443 F.Supp.2d 94, fn. 1 (D. Mass 2006); Payphone, LLC v. Brooks Fiber Communications, 126 F.Supp.2d 175 (D.R.I. 2001); Williams v.

Local Union 911, 31 F.Supp.2d 40, (D.R.I. 1998); Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F.Supp. 740 (D.R.I. 1996); Jacobsen v. Mintz, Levin, Cohen, Ferris, Glovskey & Popeo, P.C., 594 F.Supp. 583 (D.Me. 1984); Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp., 440 F.Supp. 461, 462 (D. Mass. 1977).  Our First Circuit has not decided the question but has nevertheless refused to consider an appeal of such a remand.  See Unauthorized Practice of Law Committee v. Gordon, 979 F. 2d 11, 13-14 (1st Cir. 1992); Cok v. Family Court of Rhode Island, 985 F. 2d 32, 34 (1st Cir. 1993).

In Unauthorized Practice, the removing party did not file an objection within ten days (10) of the remand as required by Fed. R. Civ. P. 72(a).  In Cok, the removing party filed a timely objection.  Had a timely objection been filed here, this court would have had the order reviewed by a district judge as a Report and Recommendation.  However, the defendant here has not filed a timely motion.  In either event, the First Circuit found that "An order remanding for lack of jurisdiction is immune from review, whether erroneous or not." Unauthorized Practice, 979 F.2d at 13.  See 28 U.S.C. § 1447(d).

I recognize that some circuits have held that a remand order

is dispositive and that § 1447(d) does not bar a litigant from a circuit appeal.  However, that is not the current law in this circuit.  Moreover, defendant did not avail himself of the <u>Cok</u> avenue by filing a timely objection which would have been determined by a district judge.

An objection and appeal to a district judge under Rule 72(a) had to be made within ten (10) days.  No such objection was filed.  The motion is time barred.

The motion (document no. 9) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 17, 2009

cc:   Michael J. Lambert, Esq.
      Mark F. Sullivan, Esq.

4